## CECIL GUTHERY v. STATE.

No. A-4065.    Opinion Filed July 28, 1923.

(216 Pac. 948.)

(Syllabus.)

1. **Evidence—Confessions—Burden of Proof of Admissibility.** Prima facie any confession is admissible in evidence, and where its admissibility is challenged by the defendant the burden is on him to show that it was procured by such means or under such circumstances as to render it inadmissible, unless the evidence on the part of the state tends to show that fact.

2. **Burglary—Specific Proof of Incorporation of Owner of Building Held not Essential.** Where in an information for burglary it is alleged that the building burglarized was the store building of the Farmers' Supply Company, a corporation, specific proof that such supply company was duly incorporated was not essential where there is evidence inferentially indicating such incorporation and there was no controversy on this issue.

Appeal from District Court, Nowata County; C. W. Mason, Judge.

Cecil Guthery was convicted of burglary in the second degree, and he appeals. Affirmed.

Bert Van Leuven, for plaintiff in error.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for the State.

MATSON, P. J. On the 7th day of February, 1921, the county attorney of Nowata county filed in the district court of said county an information charging the plaintiff in error, Cecil Guthery, jointly with three other persons with the crime of burglary in the second degree, alleged to have been committed in said county on or about the 16th day of January, 1921, by breaking and entering the store building of the Farmers' Supply Company, a corporation, located in the city of Delaware, Nowata county, from which said store building certain personal property belonging to said supply company, including shotguns, rifles, automobile casings, shotgun shells, inner tubes,

and other merchandise, was taken.    The plaintiff in error, Guthery, asked for a separate trial, which was granted, and said trial was begun on the 3d day of March, 1921, resulting in a verdict of guilty, with punishment assessed at imprisonment in the penitentiary for a period of two years. Motion for a new trial was in due time filed and overruled, and judgment rendered against defendant in conformity with the verdict. From such judgment plaintiff in error has appealed to this court by filing herein on the 8th day of September, 1921, his case-made with petition in error attached. The questions presented do not require a detailed statement of the facts, and such statement will be omitted from the opinion.

During the progress of the trial the state introduced the witness W. R. Brady, who testified that he was the manager of the Farmers' Supply Company store at Delaware, Okla., and in the progress of this witness' examination the state offered to prove an alleged confession made by this plaintiff in error to said witness Brady and others in the county attorney's office in the city of Nowata shortly after plaintiff in error's arrest on this charge. Counsel for plaintiff in error interposed an objection to the witness Brady giving any testimony with reference to the statements made by plaintiff in error at the county attorney's office for the reason that such statements were involuntarily made, and counsel requested that the witness be then examined in the absence of the jury to determine whether or not such statements were voluntary or involuntary, and the trial court thereupon excused the jury under proper admonition, and the jury retired from the courtroom, and in the absence of the jury the trial court heard the evidence concerning such statements and overruled counsel's objection to such statements, recalled the jury, and permitted the evidence to be introduced in the hearing of the jury. It is here contended that this action on the part of the trial court was clearly prejudicial to

the substantial rights of plaintiff in error for the reason that the purported confession was involuntarily made, was induced by promises of immunity, and for such reasons was clearly inadmissible.

We have carefully examined the record in relation to the admissibility of this alleged confession. While the practice of the county attorney in calling the accused from the jail after his arrest to his office and there interrogating him in connection with this offense is not approved, nevertheless it cannot be held that there is evidence in this record tending to show that the confession here made was induced by promises of immunity, or was in any other respect an involuntary confession. The plaintiff in error did not take the witness stand and testify to the circumstances under which the confession was made, and neither did he take the witness stand and testify in his own behalf on the merits of the case. As to the confession, plaintiff in error relied solely upon the testimony of the witness Brady and that of the county attorney and others who were present in an effort to show the involuntary nature thereof, but the evidence of these witnesses, instead of showing that the confession was involuntary, on the contrary clearly prove its voluntary character, and as such testimony stands uncontradicted and unimpeached it is the opinion of this court that the defendant has not met the burden that rests upon him to, in the first place, establish the involuntary nature of this alleged confession. Berry et al. v. State, 4 Okla. Cr. 202, 111 Pac. 676, 31 L. R. A. (N. S.) 849; Mays v. State, 19 Okla. Cr. 102, 197 Pac. 1064.

It is also contended that the plaintiff in error was entitled to immunity from prosecution by reason of facts disclosed by him in his alleged confession. This contention is without merit. The alleged confession of plaintiff in error included no other

person than himself in the commission of the offense. Under no circumstances, therefore, would he be entitled to immunity from prosecution under the provisions of section 27, art. 2, of the Constitution, and no plea of immunity was interposed in bar of the prosecution.

Further it is contended that there is an entire failure of proof to show that the Farmers' Supply Company, the alleged owner of the building burglarized, was a corporation, as alleged in the information. There was no controversy in this case on the question as to whether or not the Farmers' Supply Company was or was not a corporation. All the witnesses testified that the building burglarized was the store building of the Farmers' Supply Company. The circumstantial evidence all indicates that such company was a corporation. We think the evidence sufficient on this point under the recent holding of this court in Stephens v. State, 24 Okla. Cr. —, 217 Pac. 1063.

Finding no reversible error in the record, the judgment is affirmed.

BESSEY and DOYLE, JJ., concur.