## J. B. (BOY) PRUITT v. STATE.

No. A-5140. Opinion Filed Dec. 12, 1925.
Rehearing Denied Jan. 13, 1926.
(242 Pac. 282.)

Mathers & Coakley, for plaintiff in error.

Geo. F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

EDWARDS, J.   For brevity and convenience, the plaintiff in error will be referred to as defendant.   The facts as disclosed by the record are about as follows: The defendant, Boy Pruitt, and John Lyles were at a dance at Pike City on the night of May 23, 1923. When they were ready to leave, they had with them in a Ford car two girls whom they were preparing to take home. All the parties had been drinking.   Just as they were ready to start away, Odessa Johnson, the girl in the back seat with the defendant, called to one Murphy, a man standing near by, which angered the defendant, who thereupon slapped the Johnson girl.   Lyles, who

was in the front seat, preparing to drive the car, told the defendant not to slap the girl any more, whereupon the defendant slapped Lyles. Lyles then got out of the car on the right-hand side, and as he stepped on the running board, the defendant drew a pistol and shot him in the left shoulder. Defendant then left the car, fled, and was a fugitive for some two weeks. At the trial, the witness Lyles, who had recovered from the effect of the shot, and who, we gather, had condoned the act of the defendant in shooting him, testified that he was friendly with the defendant, and his entire testimony tended favorably toward him.

While several assignments of error are set out, the only assignment argued goes to the sufficiency and correctness of the instructions given, particularly to instructions of the court numbered 5 and 9. The defendant requested no instructions in his own behalf. Instruction No 5 is, in substance, that the witness Lyles testified he was on friendly terms with the defendant, notwithstanding his affidavit that defendant had made an assault with intent to kill him, and, if the jury should find beyond a reasonable doubt that a crime had been committed by defendant, it was a crime against the state and not against Lyles, and, if they should find from all the evidence that the defendant did shoot John Lyles, as alleged in the information, with intent to kill, they should find him guilty and assess the punishment. This instruction standing alone is subject to criticism. But when the record is examined it is obvious that Lyles was an unwilling witness for the state, and, since he was the injured party, and testified that he had been and still was a friend of defendant and bore him no ill will, that the purpose of the instruction was simply to caution the jury that the offense with which the defendant stood charged, if they found an offense had been committed, was an

offense against the state and not an offense against the witness Lyles, thereby informing them that it was not within his power to condone or pardon the offense. The instruction does not present reversible error.

Instruction No. 9 is challenged as seeking or attempting to eliminate the doctrine of reasonable doubt. This instruction in some parts is more favorable to the defendant than the law required. It is in part as follows:

"* * * The law is too humane to demand conviction while a rational doubt remains in the minds of the jury. You will be justified, and are required, to consider a reasonable doubt as existing if the material facts may be fairly reconciled with the defendant's innocence. * * *"

This part of the instruction tells the jury that, if the material facts may be fairly explained on the view that defendant is innocent, they are required to find a reasonable doubt exists. This is not necessarily true. The material facts may be fairly reconciled with the defendant's innocence, and yet the jury may be convinced beyond a reasonable doubt of the defendant's guilt. It may be said that, in any case where the defendant offers evidence contradicting the material facts testified to by the state's witnesses, the evidence may be fairly reconciled with the defendant's innocence. Yet the jury may disbelieve the evidence offered by a defendant. In which case, even though the material facts may be reconciled with defendant's innocence, the jury may still be convinced beyond a reasonable doubt of the defendant's guilt. The concluding part of the instruction is somewhat involved, but it amounts to a statement that mere conjecture or captious or artificial doubt is not what is meant by reasonable doubt, and that, while absolute certainty is not required, the jury should be satisfied beyond a reasonable certainty

before finding a defendant guilty. We reiterate here what this court has several times said, that an attempt to define or explain "reasonable doubt" is dangerous, and that the term "reasonable doubt" is as well or better understood by the jury than any definition the courts may make of it.

It has been frequently held by this court that, where the instructions as a whole sufficiently cover the law of the case and are not prejudicial to the defendant, the judgment will not be reversed because of error in certain paragraphs of the court's charge. Dunbar v. State, 15 Okla. Cr. 513, 178 P. 699; Mathews v. State, 16 Okla. Cr. 466, 184 P. 468.

We have examined the record carefully, and while the instructions are subject to criticism, yet when considered as a whole we believe there is no prejudicial error requiring a reversal.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.