## JULIUS THOMAS v. STATE.

No. A-5226. Opinion Filed May 22, 1926.
(246 Pac. 658.)

A. G. Morrison, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Canadian county on a charge of having possession of narcotic drugs and sentenced to confinement in the state penitentiary for a term of five years and to pay a fine of $500.

Briefly stated, the evidence is that John Davis, an officer, in company with a drug addict, went to defendant's home in El Reno and represented himself to be a "dope fiend," and sought to buy morphine. After some discussion defendant directed him to go to the pool hall opposite the Kerfoot Hotel; that he would have "Dogey" deliver it there. There were also at the time some other negotiations as to price and quantity. Witness then went to the pool hall and shortly after saw Dogan on the steps of the post office talking with defendant. Dogan then came to witness and told him to go two blocks north and three west, and wait. He did so and soon Dogan came with a box of morphine, and delivered it to witness. There was corroboration of the circumstances by other witnesses.

Dogan, who was jointly charged, testified for the defendant that he had possession of the morphine, and not defendant. Defendant merely denied having posses-

sion of the morphine in question, but did not deny any other evidence of the state.

Defendant contends that there was no sufficient proof that he had possession of the morphine in question, nor that he assisted, aided, or abetted another in the possession; that the court erred in its instructions of aiding and abetting, erred in refusing an instruction on the law of circumstantial evidence and in admitting evidence of statements made by Dogan in the absence of defendant.

It is true the evidenec does not show that defendant had the physical possession; but, under the undisputed evidence, the negotiation for the sale, the price and place of delivery, were all arranged by defendant. It is shown he conversed with his codefendant, Dogan, and, according to arrangements made with the state's witness, Dogan then appeared with the narcotic as agreed by defendant. This is a sufficient proof of possession; it is direct in character, and, under this state of facts, the defendant was not entitled to an instruction on the law of circumstantial evidence. Star v. State, 9 Okla. Cr. 210, 131 P. 542; Price v. State, 9 Okla. Cr. 359, 131 P. 1102.

There was no error in instructing the law that one who assists or aids another to commit a crime is a principal. The evidence conclusively points to defendant as being the owner and dispenser of the narcotic, with Dogan working for him, or Dogan as the possessor, with the defendant working for and aiding and assisting him. Neither was there any error in the ruling of the trial court admitting the statements made by Dogan in the absence of defendant. It is well settled that, where two or more persons are concerned in the commission of an offense, and there is evidence of an acting together, statements or conduct by one before the termination of the unlawful act is competent in evidence against the other.

Upon an examination of the entire record, it appears that defendant was fairly tried, the issues fairly submitted, and that there is no error which requires a reversal.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.