## IRA WELTY v. STATE.

No. A-5232. Opinion Filed Oct. 1, 1927.
Rehearing Denied Jan. 28, 1928.
(263 Pac. 177.)

Charles Swindall, H. W. Patton, and O. C. Wybrant, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, on a charge of murder, was convicted in the district court of Woodward county for manslaughter in the second degree and was sentenced to serve a term of 2 years in the state penitentiary.

This case is submitted upon the single contention that the evidence is insufficient to sustain the verdict and judgment. The conviction is based entirely upon circumstantial evidence. The record discloses a state of facts about as follows: Defendant, 34 years of age, had lived most of his life in the western part of the state; at the time of the homicide he resided near the small town of Freedom. The deceased, E. Bailey, generally referred to as "Jazz" Bailey, a ranch hand or cow puncher, had resided in the neighborhood for about two years and at the time charged he and defendant lived in a small shack on defendant's ranch. The family of defendant were living in the village of Freedom for school purposes. Deceased was last seen alive on March 25, and defendant was the last person seen with him. After the disappearance of deceased, defendant made statements to the effect that deceased had left the country and had gone to the oil fields about Tonkawa. A letter was received by one Sam Huffman as follows:

"Fairvalley, Okla., March 26, 1923.

"Dear Friend: I will now write. I am on my way to the oil fields. I sold Irish the saddle and the horse. You tell Irish to get my male and keep it until I write for it. I will close. From E. Bailey."

Huffman knew that deceased was illiterate and unable to write his name, so an investigation was instituted and a search made. The body was found secreted in a canyon not far from defendant's cabin, and from appearances it had been wedged in the rocks for a number of days. Blood spots were around the scene, and the clothing was in a condition indicating that it had been dragged for some distance before being secreted. Death had been caused by a blow on the head from some blunt instrument. Bailey's horse, saddle, saddle blanket, and some personal effects were in the possession of defendant at the time the body was discovered. Defendant, when informed of the finding of the body, became very nervous and agitated. Investigation revealed that the letter to Huffman was mailed by defendant, and upon his being questioned about this by the sheriff he became nervous and fainted. The letter was, in fact, written on April 3, and mailed on that date. At the trial, on cross-examination, defendant admitted he wrote the letter and also wrote one to himself of similar import. His explanation is that he had received a warning from the Ku Kluk Klan, and that the purpose was to stop the mouths of the Ku Kluk until he could hear from Bailey. Defendant further testified that deceased owed him about $75 and had delivered his horse, saddle, and other possessions in settlement of the debt. There are other circumstances pointing to defendant as the person who killed Bailey. All these circumstances, taken together, are consistent with the theory of defendant's guilt and inconsistent with his innocence.

The argument is advanced that the court erroneously submitted to the jury the elements of manslaughter, and that the verdict of manslaughter in the second degree is wholly unsupported by the evidence. It may have been error to submit to the jury the elements of manslaughter, but the error is in defendant's favor. It sometimes happens that, where the state must depend on circumstantial evidence, a jury is reluctant to assess a punishment commensurate with the offense proved. Jurors not skilled in analyzing and weighing evidence, when the possibility of an error is depicted and stressed by able counsel, are prone to distrust their judgment, and as a result "circumstantial evidence" and "reasonable doubt" too often bring about acquittals or reduce punishment of guilty criminals. The punishment assessed is entirely inadequate for the offense proved. This evidence was before the jury; it was for them to say what weight should be given it, and to determine the credibility of the witnesses. The trial court was liberal toward defendant, and the trial was fairly conducted. We think counsel for defendant should congratulate themselves on securing so light a verdict.

The case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.