## JULIUS ZELIGSON v. STATE.

No. A-6539.  Opinion Filed April 27, 1929.
(276 Pac. 791.)

A. F. Moss and H. R. Young, for plaintiff in error.

Edwin Dabney, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Joe W. Howard, Co. Atty., (W. R. Wallace, of counsel), for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Noble county of the crime of grand larceny and his punishment fixed at imprisonment in the state penitentiary for a term of three years. Motion for new trial and motion in arrest of judgment were duly filed and overruled, and the defendant brings the cause to this court by petition in error.

The first assignment of error is: "The court erred in holding in this case that the information was sufficient to state a public offense and was sufficient to state the crime of larceny." The charging part of the information is as follows: "* * * That on or about the 4th day of July, 1925, and within Noble County, Oklahoma, the defendant, Julius Zeligson, did then and there knowingly, willfully, unlawfully, feloniously, fraudulently and stealthily take, steal and carry away without the knowledge or consent and against the will of one Magnolia Petroleum Company, certain personal property, to-wit: fifty-one joints of oil well casings, the personal property of the said Magnolia Petroleum Company and of the value of $1,970.00 with the unlawful, fraudulent and felonious intent then and there on the part of him, the said Julius Zeligson, to deprive the said Magnolia Petroleum Company of said property and to convert the same to the use and benefit of him, the said Julius Zeligson." The particular question the defendant raises is that the complaint is insufficient for the reason that the owner of the property, alleged to have been stolen, is named in the information as the Magnolia Petroleum Company without stating whether the company is an individual trading under a fictitious name, a partnership, or a corporation.

In the case of Keasler v. State, 38 Okla. Cr. 255, 259 Pac. 1059, this court said in the body of the opinion:

"The point made is that the allegation of the ownership of the railroad car alleged to have been burglarized is insufficient. The prosecution was based upon the second subdivision of section 2063, C. S. 1921. Construed in their usual accepted meaning, the words used in the information, 'Orient car No. 3859 in the possession of the Orient Railway Company,' would mean a railroad car belonging to the Orient Railway Company and that together with the number of the car sufficiently identifies the act as to the car alleged to have been burglarized."

In the case of Guthery v. State, 24 Okla. Cr. 183, 216 Pac. 948, paragraph 2 of the syllabus, this court said:

"Where in an information for burglary it is alleged that the building burglarized was the store building of the Farmers' Supply Company, a corporation, specific proof that such supply company was duly incorporated was not essential where there is evidence inferentially indicating such incorporation and there was no controversy on this issue."

In Carson v. State, 30 Okla. Cr. 438, 236 Pac. 627, paragraph 2 of the syllabus, this court said:

"The actual condition of the legal title of property alleged to have been stolen is immaterial to the thief; so far as he is concerned, one may be treated as the owner who is in personal possession of the property and whose possession was unlawfully disturbed by the taking. The possessor of the goods from whom the thief took them may properly be described as the 'owner' of the property in the indictment or information."

Under the holdings of this court, the information in the case at bar was sufficient and the demurrer to the information was properly overruled.

Defendant's second assignment of error, while stated in three paragraphs, is in substance error of the court in failing and refusing, at the close of all the evidence in the case, to sustain the motion of defendant to direct the jury to return a verdict of not guilty.

In the case of Welty v. State, 39 Okla. Cr. 85, 263 Pac. 177, Mr. Justice Edwards, speaking for the court, in paragraph 1 of the syllabus says:

"Where there is evidence, although entirely circumstantial, from which the jury may reasonably and logically find a defendant guilty, the weight, credibility, and probative effect of such evidence is for the jury and this court will not disturb its verdict for insufficiency."

In the case of Haley v. State, 39 Okla. Cr. 186, 264 Pac. 635, Mr. Justice Davenport, speaking for the court, in the syllabus said:

"It is not for this court to substitute its judgment on questions of fact or of the weight of the evidence for that of the jury, where there is competent evidence from which the jury may reasonably and logically find the guilt of the defendant, even though the evidence may be conflicting, or such that different inferences may reasonably be drawn therefrom."

In the case of Strong v. State, 42 Okla. Cr. 248, 275 Pac. 385, in paragraph 2 of the syllabus, this court said:

"When the evidence disclosed by the record tends reasonably to support the verdict of the jury, such verdict will not be disturbed by this court on appeal.

"A motion for new trial, based on an allegation that the evidence does not support the verdict of the jury, is addressed, first, to the sound discretion of the trial court, who has seen and heard the witnesses testify, and who must necessarily know a great deal more about many facts and circumstances produced at the trial, which cannot be

written into a record, than an appellate court can by reading the record after it is written. And when a trial court has considered and passed upon such an issue, it comes to this court only on the proposition that as a matter of law the verdict is contrary to the evidence."

The evidence in this case offered by the state, if believed by the jury, was amply sufficient to support a verdict of guilty, and the demurrer to the evidence and motion for an instructed verdict were properly overruled.

The third ground of error assigned by the defendant is that the court erred in failing to instruct the jury, upon the defense of the defendant, that he had purchased this pipe and that the pipe delivered to the defendant was not that which the defendant had purchased, and that consequently the defendant's action in the matter might have been innocent.

In the case of Thomas v. State, 34 Okla. Cr. 288, 246 Pac. 658, in paragraph 1 of the syllabus, Mr. Justice Edwards speaking for the court says:

"An instruction upon the law of circumstantial evidence is not necessary, unless the testimony for the state is entirely circumstantial."

In the case of Williams v. State, 12 Okla. Cr. 39, 151 Pac. 900, in paragraph 2 of the syllabus, this court said:

"If upon the trial of a criminal case special instructions are desired by the defendant, he is required by the provisions of our code of criminal procedure to present in writing to the court the instructions desired, and it is not error for the trial court to omit to instruct upon every possible question under the defendant's theory of the case, when he has not requested such instruction."

There being plenty of evidence in the record beside the circumstantial evidence, and the defendant having

failed to present a written instruction and request the same to be given, it was not error for the trial court to fail to give the instruction.

Defendant's fourth assignment of error is:

"The court erred in allowing to be introduced in evidence the transcript of the testimony of the witness, G. C. Quinn, given on the preliminary trial of the defendant for the reason that no sufficient predicate for the introduction of the transcript of the evidence, of such witness had been laid or proved by the state on this trial."

In the case of Bryant v. State, 33 Okla. Cr. 383, 244 Pac. 453, in paragraph 1 of the syllabus, this court said:

"In a criminal action, where the testimony of a witness was given at the preliminary examination, and her testimony was taken by the reporter, in the presence of defendant and his counsel, who had opportunity to cross-examine her, and such testimony is transcribed, duly certified and filed with the court clerk, held, that, if the witness is not present at the final trial and the state shows that such witness cannot with due diligence be found within the judisdiction of the court, the testimony of the absent witness may be read to the jury."

The defendant admits that a proper predicate was laid for the introduction of the transcript, but complains that no one testified that the witness, G. C. Quinn, was duly sworn before he testified. At page 57 of the case-made appears the following recital in the transcript:

"H. C. Quinn, being first duly sworn on behalf of the State of Oklahoma, testified as follows, to-wit:"

The transcript being properly admitted in evidence and it appearing from the transcript that the witness was properly sworn, the objection to the admission of the transcript was without merit, and the same was properly admitted in evidence.

As a fifth ground of error the defendant alleges: "The court erred in refusing to permit the defendant to prove by the witness, Wilson, and the witness, Howry, that on Monday following the 4th of July, the defendant stated in substance to each of said witnesses that the casing which had been delivered to him at Braman was new casing and that the casing which he had bought was second-hand casing and that he had not accepted and did not accept said new casing."

In support of this ground, defendant contends: "Defendant may give in evidence statements made by him while the property alleged to be stolen was in his possession and before he knew that he was suspected of having stolen the same."

At page 460 of the case-made, the defendant testified in his own behalf as follows:

"Q. You didn't touch that pipe? A. No, sir; I didn't.

"Q. Could you tell it was new pipe? A. You bet I could, the minute I walked up there, I said to Quinn, that is not my pipe, not your pipe; a man sold me second-hand pipe at Morrison; this is brand new pipe, I said, absolutely, I won't have anything to do with this pipe.

"Q. Julius, why didn't you go back? A. Because it wasn't my business.

"Q. And look at this pipe? A. I didn't want to have anything to do with that pipe.

"Q. When did you see Quinn after that? A. I saw him Tuesday.

"Q. Did you have a conversation with Bill Quinn Tuesday, the following Tuesday? A. I did.

"Q. What was your conversation? A. I told him to get his men and take the pipe away, I am off of it; if I could have got hold of him, he would have been here.

"Q. Why did you tell him to take the pipe away? A. I was not interested in it.

"Q. When did you first learn that this was stolen pipe? A. I thought it was stolen pipe the minute I seen it was new pipe, I knew a man wouldn't sell me second-hand pipe and deliver me new pipe, that didn't look right to me, for a man to give me new pipe for second-hand pipe."

In the case of Shields v. State, 32 Okla. Cr. 344, 240 Pac. 661, in paragraph 8 of the syllabus, this court said:

"Where, in a larceny case, the theory and testimony of a defendant is to the effect that he had no connection with the larceny of the property, but purchased it without any knowledge that it was stolen, he is not entitled to an instruction on the law applicable to the evidence of an accomplice."

The defendant having denied ever being in possession of the stolen property, it was not error for the court to refuse to permit the witnesses, Wilson and Howry, to testify to statements made to them by the defendant after the theft and before the arrest of the defendant. The defendant must be consistent, he cannot in one breath claim to be entitled to an instruction because he is in possession of stolen property and claim to have the right to introduce statements he made while in possession of the property, and in the next breath deny that he ever received or ever was in possession of the property.

In his last assignment of error the defendant contends: "That the court erred in giving instruction No. 9." No. 9 is the usual instruction given upon the possession of recently stolen property, and the court did not err in

giving the instruction. The defendant alleges that the state relied upon the possession of recently stolen property to prove the larceny. Possession of recently stolen property is just one of the many facts and circumstances surrounding this defendant and showing a guilty connection with this larceny.

In the case of Pruitt v. State, 33 Okla. Cr. 172, 242 Pac. 282, in paragraph 1 of the syllabus, this court said:

"Where the instructions of the court, though subject to criticism, taken as a whole are substantially correct and present the law as favorably for the defendant as the law warrants, the judgment will not be reversed for erroneous instructions."

The instructions in this case fairly cover the law, and since defendant failed to request any additional instructions in writing, he is not now in a position to complain of error of the court in failing to give additional instruction. The defendant assigns other errors, but they are without merit.

The evidence being ample to sustain the verdict, the defendant having received a fair trial, and no substantial errors of law appearing upon the record, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.