LIGE HOWELL et al. v. STATE.

No. A-8871. Opinion Filed Oct. 19, 1929.
(281 Pac. 818.)

Rummons & Hughes and E. V. Rakestraw, for plaintiffs in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Kiowa county on a charge of having unlawful possession of nine barrels of mash, and their punishment fixed at a fine of $100 and imprisonment in the county jail for 30 days for each of them.

The evidence of the state was: That the officers found a still and nine barrels of mash and hid nearby to watch for the owners or operators. Just about daylight a man came with a galvanized iron tank and deposited the same near the still and left. Just before sunrise the defendants appeared and went right up to where the still was and began working on it. Defendant Lige Howell had something in his arms and went to working around the still. The still was hooked up and ready for operation. That the defendants had been there about 30 minutes, and, when the witness, Standerfer rose up and commanded them to throw up their hands, defendant Lige Howell ran, but was captured, and defendant Hall escaped. The officers destroyed the mash and took the still and went with defendant Howell to his father's place. Howell went through the house and started to run through the cotton patch when the officers recaptured him. The defendant Hall later surrendered and admitted that the still and mash belonged to himself and Howell.

The first contention of the defendant is that the court erred in refusing to instruct the jury on circumstantial evidence. An instruction on circumstantial evidence is not necessary unless the testimony of the state is entirely circumstantial. Thomas v. State, 34 Okla. Cr. 288, 246 Pac. 658; Zeligson v. State, 43 Okla. Cr. 24, 276 Pac. 791.

In this case the admission of the defendant Hall as to the ownership and possession of the still and mash, and the fact that the defendants were in the actual possession of the still and working on the same when the officers attempted to arrest them, took the case out of the rule requiring instructions on circumstantial evidence.

The defendants next contend that the verdict is contrary to the law and is not sustained by the evidence. The evidence being sufficient to support the verdict of the jury and the errors of law complained of not being fundamental, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.