CHARLIE WORDLOW et al. v. STATE.

No. A-7100.   Opinion Filed March 29, 1930.
(288 Pac. 351.)

M. D. Hartsell and H. T. Walker, for plaintiffs in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiffs in error hereinafter called defendants, were convicted in the county court of Muskogee county on a charge of having possession of intoxicating liquor, and their punishments fixed as follows: Charlie Wordlow, a fine of $100 and a term of sixty days in the county jail; Mose Lagway, a fine of $100 and a term of sixty days in the county jail; Pete Van Brunt, a fine of $100 and a term of ninety days in the county jail. The record failing to show judgment and sentence on Delmar Van Brunt, the attempted appeal as to him is dismissed.

The evidence of the state was that two officers out of the sheriff's office were out searching for chicken thieves and saw three of the defendants across a fence from the road searching in the weeds. One of the defendants picked up a half-gallon jar filled with whisky and another one of the defendants started to take a drink out of the jar when he saw the officers and ran. Another one of the defendants had picked up another half-gallon jar. The officers came up and arrested five men, took the liquor to the sheriff's office, and, after talking with the defendants, released one of them, Otto Williamson, who afterward testified that two of the defendants got him to take his car and follow the other two defendants out to the place where the whisky was concealed. One of the officers testified that the other four defendants admitted that they had gone out there together to the whisky at the time they were arrested. The defendants all took the witness stand, and practically admitted the statements the officers testified they made, but one of the defendants claimed that the whisky belonged to a man he had never seen before; that he took the other parties out there to make a trade with them on the whisky.

The defendants first contend that the evidence is in-

sufficient to support the verdicts. This contention is without merit.

They next contend that the court erred in refusing to give an instruction on circumstantial evidence. This court has repeatedly held that it is not error for the trial court to refuse to give an instruction on circumstantial evidence, unless the evidence is wholly circumstantial. Thomas v. State, 34 Okla. Cr. 288, 246 Pac. 658; Zeligson v. State, 43 Okla. Cr. 24, 276 Pac. 791; Howell v. State, 45 Okla. Cr. 66, 281 Pac. 818.

The defendants were found in possession of the liquor, the officers testified to admissions made by the defendants at the time of their arrest, and the defendants themselves testified at the trial to a state of facts which takes the case entirely out of the realm of circumstantial evidence. For the reasons stated, the cause is affirmed as to Charlie Wordlow, Mose Lagway, and Pete Van Brunt, and dismissed as to Delmar Van Brunt.

EDWARDS, P. J., and DAVENPORT, J., concur.