Patsy Marie **LAMBERT**, Plaintiff in Error,

v.

**STATE** of Oklahoma, Defendant in Error,
No. A–12857.

Court of Criminal Appeals of Oklahoma.
June 1, 1960.

John L. Ward, Jr., Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in Error, Patsy Marie Lambert, defendant below, was charged by information in the Court of Common Pleas of Tulsa County, Oklahoma, with the offense of unlawful sale of alcoholic beverage without first being issued a license for the sale of said beverage by the Oklahoma Alcoholic Beverage Control Board in violation of 37 O.S.1959 Supp. § 505, said offense allegedly being committed on the 18th day of September, 1959. She was tried by a jury, found guilty as charged, and sentenced to confinement in the county jail for a period of thirty days. Judgment and sentence was entered accordingly, from which this appeal has been perfected.

This prosecution is based upon the provisions of the Oklahoma Alcoholic Beverage Control Act, 37 O.S.1959 Supp. §§ 501–567, enacted by the twenty seventh Legislature. This Act regulates the manu-facture and sale, etc., of alcoholic beverages within the State of Oklahoma as provided by Article XXVII, Sec. 1, Oklahoma Constitution, adopted at a special election April 7, 1959, and is the first such enactment in the history of Oklahoma since statehood. This prosecution is brought under the provisions of § 505 and § 538 of Title 37, the applicable parts of which read:

"§ 505. * * * No person shall manufacture, rectify, sell, possess, store, import into or export from this State, transport, or deliver any alcoholic beverage except as specifically provided in this Act; * * *."

"§ 538. * * * (c) Any person who shall knowingly engage in any activity or perform any transaction or act for which a license is required under this Act, not having such license, shall be guilty of a misdemeanor and for the first offense be fined not more than One Thousand Dollars ($1,000.00) and imprisoned for not less than thirty (30) days nor more than six (6) months, and for a second and subsequent offense shall be guilty of a felony and be fined not more than One Thousand Dollars ($1,000.00), or imprisoned in the State Penitentiary for not more than one (1) year, or both such fine and imprisonment."

The Act also provides in great detail the qualifications of those eligible to obtain licenses thereunder, those occupations or activities which require licenses to be legally performed, and the procedures incident to obtaining such licenses. Among others therein enumerated, a license is required of one selling an alcoholic beverage at retail. § 521(g).

The charging portion of the information upon which the charge was brought reads as follows:

"* * * On the 18th. day of September, A.D. 1959, and prior to the filing of this information in Tulsa County, State of Oklahoma, Patsy Marie Lambert, in said County, and within the jurisdiction of this Court,

did unlawfully sell an alcoholic beverage, to wit: two (2) ½ pints of whiskey to M. K. Quesenbury without first having applied for and being issued a license for the sale of said beverage by the Oklahoma Alcoholic Beverage Control Board * * *."

The first question presented for our consideration on this appeal is the sufficiency of the information to charge an offense under the Alcoholic Beverage Control Act. With respect to the offense charged herein, an examination of the applicable statutes reveals that in order for an information to charge one with the unlawful sale of an alcoholic beverage without a license it must be alleged that the named defendant had: (1) engaged in an activity regulated by the Act, and (2) had not complied with the regulations thereof by procuring a license enabling said defendant to legally engage in the regulated activity. It is apparent from the facts alleged that this was a retail sale, and to so have further labeled it as such would be mere surplusage. Therefore, an information charging defendant with the unlawful sale of an alcoholic beverage in retail quantity without first applying for and receiving a license, sufficiently informs the defendant of the charge he is to meet, and states an offense under the provisions of 37 O.S.1959 Supp. §§ 505, 538. Reed v. Territory, 1 Okl.Cr. 481, 98 P. 583.

The following facts are revealed by the record: On September 18, 1959, three men, M. K. Quesenbury, an agent of the Oklahoma Alcoholic Beverage Control Board, Hugh Greer, an officer of the Tulsa Police Department, and Walter Conley, also an officer of the Tulsa Police Department, drove to the back door of 2143 E. 36th Street North, outside the city limits of Tulsa, Oklahoma, and stopped. Mr. Quesenbury got out of the car, knocked at the back door of the house, a door opening into an enclosed porch with windows all around, and was invited in by the defendant. He asked if he could purchase a bottle of whiskey, was assured that he could, and upon request the defendant pro-

duced two one-half pint bottles of whiskey, for which he testified that he paid her five dollars. At the same time, Mr. Conley had walked around to the side of the porch and observed this transaction through the window of the porch. She was then arrested and a search of the house was made, but for some unexplained reason, the money used in purchasing the whiskey was not found. She was taken to the office of the Sheriff of Tulsa County, and this charge was filed.

Mr. Quesenbury testified that the defendant did not have a license to sell intoxicating liquor. He did not give any reason as to how he knew, or as to what his testimony was based upon. However, upon cross-examination he was asked, "You don't know a thing in the world about the records of the ABC do you?" To which he replied, "Yes, I know about my territory." No further cross-examination was interposed. It is apparent that counsel for the defendant feared to pursue it further. A proper inquiry, however, might have laid the proper predicate that Mr. Quesenbury had no first-hand information about licenses in his district. His testimony, as the same appears in this record, constituted prima facie proof (Reed v. Territory, supra) on the question of the defendant's being without a license and nothing appearing in the record to the contrary is sufficient to sustain the conviction. Nevertheless, the defendant strongly urges that the State's evidence as to the lack of license of the defendant to sell liquors is not sufficient. But the complete answer to his argument is found in Reed v. Territory, supra, the only case which we have found under the old dispensation, prior to Statehood, of unlicensed liquor dealers. Therein this Court said [1 Okl.Cr. 481, 98 P. 588]:

"'The rule established by the vast preponderance of authority' is that, in cases where a license to sell, if produced and relied on, would constitute a complete defense to the action, the prosecution is not bound to produce any evidence in support of the negative

allegation that the sale was made without license, but, on the contrary, the defendant must assume the burden of proving that he was licensed. Various reasons have at different times been advanced in support of this rule. Thus, Dr. Bishop thinks that a prima facie case is made out for the prosecution, without evidence on this point, by the presumption that the defendant belongs to the general mass of people, who are unlicensed, rather than to the exceptional class of license holders, and that, as there was certainly a time when he was not licensed, the presumption of continuance applies, which presumptions the rule requires him to overcome by proof. But we believe the rule is sufficiently justified by considerations of convenience and reasonableness. It is a general and well-settled principle that: "Where the subject-matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. Such is the case in civil or criminal prosecutions for a penalty for doing an act which the statutes do not permit to be done by any person except those who are duly licensed therefor; as, for selling liquors, exercising a trade or profession, or the like. Here the party, if licensed, can immediately show it without the least inconvenience, whereas, if proof of the negative were required, the inconvenience would be very great." Another view advanced by the court in Georgia is that a plea of "not guilty" to a charge of selling without license amounts to an allegation of selling with license, and the rule applies that he who alleges affirmative must prove it, especially if it is peculiarly within his knowledge.' Finding that no material error was committed on the trial of this case, the judgment is in all things affirmed."

We are of the opinion that this record was sufficient to establish prima facie a lack of license. When the State makes a prima facie case, as in the case at bar, the burden is on the defendant to establish that he does have a license. His plea of not guilty, as stated in Reed v. Territory, supra, amounts to an allegation of selling with license, and the matter then becomes one of an affirmative defense. In the absence of such defense the state's prima facie case is sufficient.

Finally, the defendant complains of the trial court's instructions Nos. 2, 3, 4, 5, and 6. We have examined the instructions given by the trial court, and find that while they are possibly not model instructions, they constitute a correct instruction on the law of the case. They are sufficient to present the theory of the state's case and the defendant's plea of not guilty. They present the elements of the violation charged, namely: Sale of intoxicating liquor without a license, and the plea of not guilty. The plea of not guilty could have been established by showing first, the possession of a license, and second, by establishing that she did not make a sale, either of which would have constituted a valid defense to the charge, and neither of which was sustained by any proof of the defendant. These issues were adequately presented by the trial court in the instructions given, particularly when considered as a whole. The defendant could ask no more than adequate instructions presenting the burden of proof and the doctrine of reasonable doubt, and the theory of the state and defendant on her sole plea of not guilty.

Specifically, the defendant complains that instruction six shifted the burden to her, requiring her to show that no money changed hands and that no sale was made. But this is not so, because the court's instruction covered the charges as laid in the information and the evidence of the state. Therein, on the examination of the state's witnesses, it was sought to be established that no money was paid, by

showing that after payment thereof the same could not be found on the defendant after a search. This was all developed by the defendant as part of her case in cross-examination of the state's witnesses. She offered no other defense herself, but if the court had not instructed on this feature, complaint would have been made because of its omission.

Instruction six was favorable and fair to the defendant, based upon evidence developed on her cross-examination of the state's witnesses and upon which she relied, to establish no sale. The jury did not so find and the evidence is sufficient to sustain its finding. The instructions as a whole adequately and fairly state the law of the case, and are not confusing or contradictory, and do not infringe upon any of the defendant's substantial rights either by inclusion or omission and, hence, are sufficient. Strickland v. State, 46 Okl.Cr. 437, 287 P. 822; Holland v. State, Okl.Cr., 274 P.2d 792. This court has repeatedly held that the judgment will not be reversed where the instructions as a whole are substantially correct. Zeligson v. State, 43 Okl.Cr. 24, 276 P. 791. There being no substantial error the judgment and sentence is affirmed.

POWELL, P. J., and NIX, J., concur.