STATE of Oklahoma, Plaintiff in Error,

v.

Creola Thelma TRAPP, Defendant in Error.

No. A–12882.

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1960.

Mac Q. Williamson, Atty. Gen., Robert D. Simms, County Atty., and Ted Flanagan, Asst. County Atty., Tulsa County, Tulsa, for plaintiff in error.

Elmore Page, Tulsa, for defendant in error.

POWELL, Presiding Judge.

The State of Oklahoma has perfected an appeal from an order of the Court of Common Pleas of Tulsa County under provision of 22 O.S.1951 § 1053, subd. 1, by reason of an adverse decision of said court in sustaining verbal demurrer after a plea of "not guilty" and setting aside the information filed in the case.

The record disclosed that the defendant was arraigned on the information, waived time to plead, and entered a plea of not guilty, and requested a jury trial. Subse-

quently a jury was waived and the case was set on a non-jury docket. When the case was called for trial counsel interposed an oral demurrer without first obtaining permission to withdraw the plea of not guilty for the purpose of attacking the information. The State urges this as error. No witness was heard. Jeopardy has not attached.

Title 22 O.S.A.1951 § 492, provides:

"If the defendant do not require time * * * he may, in answer to the arraignment, either move the court to set aside the indictment or information or may demur or plead thereto."

Then section 505 of the same Title reads:

"The demurrer must be in writing, signed either by the defendant or his counsel, and filed. It must distinctly specify the grounds of the objection to the indictment or information, or it must be disregarded."

The statute is plain and unambiguous. It was not complied with. The oral demurrer, after plea of not guilty, was insufficient. Childs v. State, 4 Okl.Cr. 474, 482, 113 P. 545, 33 L.R.A.,N.S., 563.

In spite of this view, we shall consider the sufficiency of the information. Was it sufficient to charge the defendant with the offense of unlawful sale of an alcoholic beverage under the provisions of the Oklahoma Alcoholic Beverage Control Act, 37 O.S.1959 Supp. §§ 501–567? The pertinent portion of the information reads:

"That * * * Creola Thelma Trapp * * * did unlawfully sell an alcoholic beverage, to-wit: Two (2) ½ pints of whiskey to M. K. Quesenberry without first having applied for and being issue a license for the sale of said beverage by the Oklahoma Alcoholic Beverage Control Board, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State."

This same question was recently treated by this Court in a case involving a similar information. See Lambert v. State, Okl. Cr., 353 P.2d 150, where it was said:

"Under the provisions of the Oklahoma Alcoholic Beverage Control Act, 37 O.S.1959 Supp. §§ 501–567, an information charging defendant with the unlawful sale of an alcoholic beverage without first applying for and being issued a license therefor, contrary to the form of the statutes in such cases made and provided, is sufficient to charge the offense of unlawful sale of an alcoholic beverage without a license."

The Lambert case settles the question, and may be referred to for the reasoning.

The action of the Court of Common Pleas of Tulsa County in sustaining the demurrer to the information in the within case is reversed and set aside and held for naught, and the case is remanded to said court with directions to proceed to trial under said information.

NIX and BRETT, JJ., concur.