STATE of Oklahoma ex rel. R. H. MILLS; County Attorney, Bryan County, Oklahoma, Plaintiff in Error,

v.

Robert DOBBINS, Defendant in Error.

No. A–13531.

Court of Criminal Appeals of Oklahoma.

Nov. 18, 1964.

R. H. Mills, County Atty., Bryan County, Durant, for plaintiff in error.

Alan B. McPheron, Durant, Edwin W. Dudley, Madill, for defendant in error.

BUSSEY, Judge.

The State of Oklahoma has perfected an appeal from a Judgment and Sentence of the County Court of Bryan County, Oklahoma under provision of Title 22 O.S.1951 § 1053, Subsection 3, asserting as error, conclusions of law arrived at by the trial court in imposing judgment and sentence against Robert Dobbins, assessing his punishment at $50.00 and costs for the offense of Resale of Intoxicating Liquor Without Retail License.

On the 19th day of May, 1964, Robert Dobbins withdrew his plea of not guilty, previously entered in County Court Case No. 9895, to an Information charging him with the offense of Resale of Intoxicating Liquor Without Retail License. Thereafter the trial court determined that the prosecution had been instituted under the provisions of Title 37 O.S.1961 § 505 and entered sentence under the provisions of Title 37 O.S.1961 § 566.

To the conclusions of law determining that the prosecution was laid under the provisions of Title 37 O.S.1961 § 505 and governed by the penalty provision of Title 37 O.S.1961 § 566, the State excepted.

The precise question here presented was determined in Lambert v. State, Okl. Cr., 353 P.2d 150, where, in the body of the opinion, appearing at page 152, Honorable John A. Brett, stated:

"* * * an information charging defendant with the unlawful sale of an alcoholic beverage in retail quantity without first applying for and receiving a license, sufficiently informs the defendant of the charge he is to meet, and states an offense under the provisions of 37 O.S.1959 Supp. §§ 505, 538."

We are of the opinion that the trial court correctly determined that the prosecution was laid under the provisions of Title 37 O.S.1961 § 505, but that it was error to assess the punishment under the provisions of Title 37 O.S.1961 § 566, and that the Judgment and Sentence should have been rendered under the provisions of Title 37 O.S.1961 § 538.

The Reserved question of law, as to the penalty provision is decided in favor of the State.

JOHNSON, P. J., and NIX, J., concur.