HALLECK, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 12 — February 2, 1886.*

CRIMINAL LAW AND PRACTICE. *(1, 2) Arson: Circumstantial evidence:* Proof of other crimes. *(3) Objectionable remarks in argument of counsel.*

1. Evidence relevant and necessary to prove the offense charged should not be excluded although it also tends to show that the accused committed other offenses. Thus, it may be shown that a person charged with the arson of a barn poisoned the owner's watch-dog on the evening of the fire; and evidence that he was found in the neighborhood early the next morning with a stolen chicken in his possession, and was arrested for larceny and searched, and that matches, a piece of candle, a small saw, etc., were found on his person, is admissible.

2. Circumstantial evidence (of the nature above indicated) *held* sufficient to sustain a conviction of arson.

3. A remark by the prosecuting attorney in his argument to the jury, that "a man that will poison a dog will burn a barn or buildings," *held* not objectionable.

ERROR to the Circuit Court for *Monroe* County.

The plaintiff in error was convicted of the crime of arson. The facts sufficiently appear from the opinion.

For the plaintiff in error there was a brief by *Bleekman & Bloomingdale,* and oral argument by *Mr. Bleekman.* They contended, *inter alia,* that it was error to admit testimony tending to show that the defendant either stole Reeve's chicken or poisoned Rehberg's dog. It is only where offenses are committed together and form parts of one entire transaction, or where they are committed at the same place and within a few minutes of each other, under such circumstances as together to constitute a single and continuous accomplishment of a fixed and common design, that evidence of more than one offense can be admitted. 3 Crim. Law Mag. 122, 760, 869; *State v. Greenwade,* 72

Mo. 298; *Dove v. State*, 37 Ark. 261; *State v. Poe*, 8 Lea (Tenn.), 647; *State v. Martin*, 74 Mo. 547; *People v. Sweeney*, 22 N. W. Rep. 50. The evidence was wholly circumstantial and was insufficient to rest a conviction on. See *State v. Mahan*, 12 Tex. 283; *Luckey v. State*, 14 id. 400; *Walbridge v. State*, 13 Neb. 236; *People v. Cunningham*, 6 Parker's Crim. Rep. 611, 614; *State v. Dineen*, 10 Minn. 407; *People v. Rulloff*, 3 Parker's Crim. Rep. 464; *S. C.* 18 N. Y. 184; *Wheaton v. State*, 73 Ill. 366; *Jones v. State*, 13 Tex. 168; 4 Crim. Law Mag. 651; *People v. Fairchild*, 48 Mich. 31; *State v. Melick*, 22 N. W. Rep. 895; *Tyner v. State*, 5 Humph. (Tenn.), 383; *State v. Carter*, 1 Am. Crim. Rep. 444.

*J. M. Morrow*, of counsel, for the defendant in error.

ORTON, J. The crime charged in the information was that of arson, for setting fire to and burning the buildings of one A. Rehberg, in the night-time of November 30, 1883. The buildings burned consisted of a granary, and near it an old log-house, situated about thirty rods from the house in which Rehberg and his family resided. The defendant was found guilty of the offense on substantially the following evidence: On the night of the fire, before 9 o'clock, Rehberg went out to his barn near the house, and looked about the place, and saw no fire about any of the buildings. He then went into his house, and a little after 9 o'clock went to bed and asleep, and about half past ten o'clock his wife awakened him by an alarm of fire. He then went out and found said buildings on fire, and when he arrived there they were nearly burned up. His house-dog lay in his usual place beside the kitchen when he went to bed, and when he went to the burning buildings his dog went with him and returned with him to the house, and there appeared to be something the matter with him, and he soon came and jumped up to the door, and then went away and died in about an hour. On *post-mortem* examination two pieces

of meat, a piece of twine, and some paper, were found in the stomach of the dog, and an amount of strychnine with them sufficient to cause his death. Near by in the yard a piece of meat, done up in similar paper, and with similar twine, and poisoned with strychnine, was found. The defendant lived in Sparta, several miles from Rehberg's place. He admitted that on the night of the fire he stayed in the barn of one George Reeve, about two miles from the place of the fire, having come from Sparta the day before. The morning after the fire, about 5 o'clock, the defendant was in the road near the place of one Thompson, about half a mile from Reeve's barn, when it was quite dark. He had a lantern in his hand, and he came back to Thompson's house. Near where he was stopped and at the side of the road there was a sack, and in it was a rooster without any head on it, which he had taken from Reeve's barn. He was arrested about 11 o'clock for larceny of the chicken and searched. On his person were found two pieces of meat poisoned by strychnine, done up in a paper and tied with twine similar to those found in the stomach of the dog and around the meat found in the yard near the house of Rehberg, a small saw, a chilled knife, some matches, and a piece of candle. The defendant formerly lived in the neighborhood, and he and Rehberg were acquainted with each other, but there was no proof of any ill-will or bad feeling towards each other.

1. All the testimony about the dog and poison, and the stealing of the chicken, was objected to because it tended to prove crimes not charged in the information, and because irrelevant. If the only object was to prove that the defendant committed these crimes, the evidence would have been improper, except in order to show a motive for the commission of the crime charged. In cases depending wholly on circumstantial evidence, some motive or the malice of the defendant towards the party injured may be shown as bear-

ing upon the question whether the defendant committed the crime charged, as an important and pertinent fact or circumstance. In this view, it was proper to show that the defendant poisoned the watch-dog of the person injured, which might imply malice towards him and furnish a motive for the arson. Or the dog might have been killed to prevent an alarm before the consummation of the crime, or detection afterwards. The killing of the dog by poisoned meat, and proof that similar packages of poisoned meat were found on the person of the accused, afforded important evidence of his identity with the person who killed the dog, and that he was present on the premises of Rehberg that night and about the time the fire was set. These were facts and circumstances bearing directly on the crime charged, and the proof of another crime was only incidental to this main purpose. Such evidence for such a purpose, though incidentally showing the commission of another crime than the one charged, has never been held improper by any respectable authority. If the examination of any case of crime must be suspended, lest the evidence might show the accused to have been guilty of other offenses, while at the same time it is relevant and necessary to prove the crime charged, then the person guilty of the greatest number of crimes may often hold them before him as a shield and protection against the full disclosure of such facts and circumstances as may convict him of the crime charged. All such circumstances necessary in forming the chain of evidence leading to the guilt of the accused are legitimate testimony, even if it involve him in any number of other crimes. The larceny of the chicken was merely incidental, and not shown to convict him of that offense, but to show that he slept in a barn in the neighborhood, distant from his house, and had in his possession the very things convenient to be used in setting fires, and other suspicious circumstances, and to explain how he came to be

searched and arrested. We think all the testimony was proper.

2. It was zealously and very ably contended by the learned counsel of the plaintiff in error that the evidence was insufficient to warrant the conviction. Of course the evidence, being all circumstantial, is not absolutely conclusive of the defendant's guilt; and yet the strange and peculiar circumstances of this case may have been sufficient to convince the jury beyond a reasonable doubt that the defendant set the fire. There was no evidence that any other person besides the family of the injured party was on the premises that night before the fire was set, except the defendant. The evidence is very strong and almost conclusive that he was there and poisoned the dog. Some one set the fire. It was not a case of accidental burning or of spontaneous combustion. The defendant was there at the proper time to do the act, and killed the dog of the owner of the buildings, either through malice or to prevent alarm or detection. He killed the house-dog by poison, in the night, near the house of his master, and left poisoned meat in the yard near by, which showed him to be mean and wicked and reckless or malicious enough to set those buildings on fire. He stayed in the barn in the neighborhood the rest of the night, and then, before it was light, with a lantern, was found leaving the neighborhood. He had matches and a candle in his pocket and other poisoned meat. He was a long way from home, with no other ostensible business, and came into the neighborhood the day before. If he was not secret and clandestine in all of his movements and concerning his business, he could have found testimony of exculpation. But he had no witnesses, and he was left suspended in this almost perfectly woven web of suspicious circumstances. We cannot say that the jury were not warranted in finding him guilty. He was defended on the trial, as he was prosecuted, with unusual

and signal ability, and the case was fully and fairly tried. We cannot think that this court, in view of the evidence, would be justified in disturbing the verdict.

3. Exception was taken to certain remarks of the prosecuting attorney in his address to the jury. One of these was, by way of inquiry, why the defendant did not "show the condition of his mind, and where he was on that evening." This was supposed to be objectionable, because drawing an unfavorable inference from the defendant not offering himself as a witness to show these things. But this was qualified by the inquiry "why he had not got a man to testify" to these things. Another remark was that "a man that will poison a dog will burn a barn or buildings," and drawing the inference that because the defendant did the one he probably did the other. All we need say is that these remarks do not seem to us to have been outside of unobjectionable argument in such a case.

The instructions of the court excepted to were clearly correct. The jury was told that circumstantial evidence is sufficient if it tends, with sufficient certainty, to establish the guilt of the defendant, and that they might consider all the circumstances in evidence as to his being at the place that evening, if the evidence of the poisoned dog and the meats found tended to show that fact and that he might have committed the crime. We think the whole charge was sufficiently favorable to the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.