### COMMONWEALTH vs. ANTONIO FUNAI.

Suffolk.    April 3, 1888. — May 3, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Intoxicating Liquors — Evidence — Declaration of Wife — Admission of
Husband — Exceptions — Waiver.*

A declaration by a wife, speaking of a bottle of whiskey on her person, "We will
sell liquor in spite of all the officers of Station 1," uttered in the presence of her
husband, who was not then under arrest or duress, is competent on a complaint
against him, as an implied admission and assertion that both of them were en-
gaged in selling liquor, and that the sale was illegal.

COMPLAINT alleging that the defendant, on November 26,
1887, at Boston, unlawfully exposed and kept for sale intoxi-
cating liquors, with intent unlawfully to sell the same in this
Commonwealth.    Trial in the Superior Court before *Sherman*,
J., who allowed a bill of exceptions, which, so far as material,
was as follows.

The evidence tended to prove that the defendant resided with
his wife in the same building where there was an eating saloon,
and at the date mentioned in the complaint police officers visited
the place with a warrant to search for intoxicating liquors; that
in the saloon there was a bar or counter, bottles and glasses, &c.;
that in a closet back of the counter, under the stairs, after re-
moving a board or trap door, they found twenty-five bottles of
lager beer; and that while they were making the search, the
defendant and his wife being present, she said, speaking of a
bottle of whiskey upon her person, " We will sell liquor in spite
of all the officers of Station 1."    This declaration of the wife
was admitted, against the objection of the defendant.

The defendant requested the judge to rule " that declarations
or statements of the wife are not sufficient to warrant a convic-
tion of the husband," and the judge said, " That is so, gentle-
men, and her declarations in his presence are only competent as
bearing upon the question of his approval or non-approval of the
language used by her."

The jury returned a verdict of guilty; and the defendant
alleged exceptions.

*W. G. Frye & B. Hall,* for the defendant.

*A. J. Waterman,* Attorney General, for the Commonwealth.

HOLMES, J. The declaration by the defendant's wife, "We will sell liquor in spite of all the officers of Station 1," contained, or might have been found to contain, an implied admission and assertion that she and her husband were engaged in selling liquor, and also that the sale was illegal. Having been uttered in the presence of her husband, and he not having been under arrest or duress at the time, it was some evidence of an admission on his part, if the declaration was understood by him in the sense first mentioned, and if the circumstances were such that according to human experience he naturally would have repudiated it, if the implied assertions were not true. *Commonwealth* v. *Brailey,* 134 Mass. 527, 530. *Commonwealth* v. *Galavan,* 9 Allen, 271. *Commonwealth* v. *Kenney,* 12 Met. 235. *Sturtevant* v. *Wallack,* 141 Mass. 119, 123. Whether the declaration was also admissible on other grounds, we need not consider. *Commonwealth* v. *Ratcliffe,* 130 Mass. 36. *Commonwealth* v. *Locke,* 145 Mass. 401.

The other exceptions are waived. *Commonwealth* v. *McCue,* 121 Mass. 358, 360. *Exceptions overruled.*