## MOSE JACKSON v. STATE.

No. A-6440.   Opinion Filed Feb. 16, 1929.
(274 Pac. 696.)

John Watkins, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Muskogee county on a charge of burglary in the second degree and sentenced to imprisonment for a term of six years.

The information properly charged that Mose Jackson, Robert Watley, and Jesse Norris committed the crime of burglary in the second degree in Muskogee county, state of Oklahoma. The defendants were jointly tried and all convicted. The defendant Mose Jackson prosecutes his appeal to this court.

The defendant in his motion for new trial sets out ten grounds of error, but waives all except two of the errors alleged in his argument in his brief.

The first error relied on is that the court erred in overruling the defendant's motion for a new trial on the ground that the verdict is contrary to the evidence.

In the case of Harrison v. State, 10 Okla. Cr. 210, 135 P. 948, this court says:

"(a) When the evidence disclosed by the record tends reasonably to support the verdict of the jury, such verdict will not be disturbed by this court on appeal.

"(b) A motion for new trial, based on an allegation that the evidence does not support the verdict of the jury, is addressed, first, to the sound discretion of the trial court, who has seen and heard the witnesses testify, and

who must necessarily know a great deal more about the facts and circumstances produced at the trial, which cannot be written into a record, than an appellate court can by reading the record after it is written. And when a trial court has considered and passed upon such an issue, it comes to this court only on the proposition that as a matter of law the verdict is contrary to the evidence.

"Under this rule, see opinion for facts upon which the verdict in this case is based, and upon a review of which we cannot say as a matter of law the verdict is contrary to the evidence."

This question has been before this court in State v. Duerksen, 8 Okla. Cr. 601, 129 P. 881, 52 L. R. A. (N. S.) 1013; Maggard v. State, 9 Okla. Cr. 236, 131 P. 549; Nowlin v. State, 7 Okla. Cr. 27, 115 P. 625, 121 P. 791; Calvert v. State, 10 Okla. Cr. 185, 135 P. 737; and many other cases of similar import. The uniform holding of this court has been in harmony with the rule laid down in State v. Rule, 11 Okla. Cr. 237, 144 P. 807, whch is quoted in the syllabus of this case. Under these authorities, it was the duty of the court to overrule defendant's motion for instructed verdict and defendant's motion for new trial on the ground of insufficient evidence.

The second question of error raised by the defendant is that the verdict is contrary to law. The evidence in the case is that other box cars had been burglarized during the month of March and goods stolen from those cars were found in the possession of defendant Mose Jackson when the officers were searching for the goods obtained by the burglary of the car in question in this case.

This court settled that question in the case of State v. Rule, 11 Okla. Cr. 237, 144 P. 807. In this opinion Judge Doyle says:

"(b) Evidence that tends directly to prove the defendant's guilt is not rendered inadmissible because it proves or tends to prove him guilty of another and distinct offense.

"(c) Evidence of a different offense from the one charged is admissible when both offenses are so closely linked or connected as to form a part of the res gestæ.

"(d) Evidence of other offenses is competent to prove the specific offense charged when it tends to establish a systematic scheme or plan embracing the commission of two or more offenses so related to each other that proof of one tends to establish the other, or to connect the defendant with the commission of the offense charged."

Most of the exhibits introduced against the defendant Mose Jackson had been taken from a car that had been recently burglarized in Muskogee, and were introduced for the purpose of establishing the fact that a systematic scheme or plan to rob freight cars in Muskogee was being carried out by the defendants, and are so closely linked together as to form a part of the res gestae, and for the further purpose of overthrowing the testimony of the defendant that he had purchased the property from his codefendant.

There is ample evidence in the record to support the verdict, and, no reversible errors of law appearing in the record, the judgment of the trial court is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.