## C. I. OLDHAM v. STATE.

No. A-6417.   Opinion Filed March 9, 1929.
(275 Pac. 383.)

Hays Dillard, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Cotton county, Okla., upon a charge of stealing certain personal property, to wit, oats of the value of $15. The jury returned a verdict of guilty and assessed the punishment at a fine of $50 and confinement for 30 days in the county jail.

The defendant in his brief says: "There is really but one proposition that needs to be presented and that is: That the trial court erred in admitting incompetent, irrelevant and immaterial evidence over the objection of the plaintiff in error, defendant below, and to which ruling of the court below, exceptions were duly saved at the time."

The uncontradicted facts concerning the case are that the defendant lived at Waurika, and on the night the oats in question were stolen, the defendant was in the community of Best, from whom the oats were taken; that the car, in which the defendant made the trip, had the Lee Puncture-Proof tires; and that at the time of the arrest of the defendant there were oats in his car scattered on the floor and also oats of the same kind in the barn of the defendant, and that in said barn there were two kinds of oats; one kind being of the same as those stolen from Best.

The proposition complained of is that the state was permitted to show that at the same time, on the same night the oats were stolen, some harness and bridles had been stolen from one Pfieffer. The stolen harness was found by the sheriff with a search warrant at the same time the oats were found, which stolen harness was identified by the owner, Pfieffer

The state made no attempt to prove that the defendant herein had stolen the harness and other things therein found, but merely to show that this merchandise was stolen at the same time and found at the same place as was the property in question.

In the case of Jackson v. State, 42 Okla. Cr. 86, 274 P. 696, this court held:

"(b) Evidence that tends directly to prove the defendant's guilt is not rendered inadmissible because it proves or tends to prove him guilty of another and distinct offense.

"(c) Evidence of a different offense from the one charged is admissible when both offenses are so closely linked or connected as to form a part of the res gestæ.

"(d) Evidence of other offenses is competent to prove the specific offense charged when it tends to establish a systematic scheme or plan embracing the commission of two or more offenses so related to each other that proof of one tends to establish the other or to connect the defendant with the commission of the offense charged."

—which follows the rule laid down in State v. Rule, 11 Okla. Cr. 237, 144 P. 807.

The court instructed the jury, in paragraph 8 of his instructions, as follows:

"Now, even though you may believe that the defendant is guilty of such other and separate offense, nevertheless he would not be guilty in this case, and such testimony is admitted and you may consider the same in so far as it may show. If it does show a concerted plan or policy of the defendant upon the occasion alleged to steal and if it does so show you must not consider the same except in so far as it may in your judgment throw any light upon the probable guilt of the defendant of this particular offense charged."

No exceptions were taken to this instruction and no instruction covering this testimony was requested

by the defendant. This instruction is not skillfully drawn, yet without exceptions, and without an offer of other instructions, the court is of the opinion that the instruction properly protected the defendant with reference to the value and effect to be given the evidence as to the other articles stolen at or about the same time.

In Vickers v. U. S., 1 Okla. Cr. 452, 98 P. 467, this court says:

"Evidence is admissible that tends directly to prove the defendant guilty, although it may also tend to prove a distinct felony and thus prejudice the accused.

"* * * Evidence covering the commission of another offense is also admissible when two crimes are so linked together in point of time or circumstances that one cannot be fully shown without proving the other. In support of this rule, see. Mason v. State, 42 Ala. 532; State v. Folwell, 14 Kan. 105; State v. Wentworth, 37 N. H. 196. It is also relevant to show that the accused was seen near the place of the crime, although he does not claim an alibi. Cyc. vol. 12, p. 399. Evidence covering the commission of another offense is also received to show the identity of the person, local proximity, or other facts calculated to connect the accused with the commission of the offense. State v. Kelley, 65 Vt. 531, 535, 27 A. 203, 36 Am. St. Rep. 884; Halleck v. State, 65 Wis. 147, 26 N. W. 572; Commonwealth v. Choate, 105 Mass. 451."

In the case of Mose Jackson v. State, 42 Okla. Cr. 86, 274 P. 696, recently decided by the court, this court said:

"Most of the exhibits introduced against the defendant Mose Jackson had been taken from a car that had been recently burglarized in Muskogee, and were introduced for the purpose of establishing the fact that a systematic scheme or plan to rob freight cars in Muskogee was being carried out by the defendants, and are so closely linked together as to form a part of the res gestæ."

The evidence of the theft of other articles at the time the oats were stolen, and of finding such articles in the barn of defendant in his possession, were clearly admissible for the purpose of establishing a systematic scheme to steal and rob as indicated in this case.

There is ample evidence in the record to support the verdict, and no substantial errors of law appearing in the record, the judgment of the trial court is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.