## C. I. OLDHAM v. STATE.

No. A-6732.   Opinion Filed June 22, 1929.
(278 Pac. 663.)

Madden & Hubbell and Hays Dillard, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Cotton county, Oklahoma, upon a charge of grand larceny,

and his punishment fixed by the court at imprisonment in the penitentiary for three years.

This case is a companion case to that of Oldham v. State, No. A-6417, 42 Okla. Cr. 209, 275 Pac. 383. The defendant was charged in the former case with petty larceny; the crime being the stealing of some oats. The sheriff with a search warrant searched the premises of the defendant, found the stolen oats, and in addition found other stolen property in the possession of the defendant, including the articles of harness charged to have been stolen by the defendant in the case at bar.

The first ground of error alleged in the petition in error in this court is that the court erred in admitting over the objection of the defendant incompetent, irrelevant, and immaterial testimony, offered on the part of the state, and objected to by the defendant. That was the first question raised by the defendant in A-6417, recently decided by this court. In that case this court held:

"The evidence of the theft of other articles at the time the oats was stolen and the finding of such articles in the barn of the defendant in his possession was clearly admissible for the purpose of establishing the systematic scheme to steal and rob as indicated in this case."

The oats alleged to have been stolen in No. A-6417, and the harness alleged to have been stolen in the case at bar, were all found by the sheriff at the same time, in the same place, and in possession of the defendant. Under the rule laid down in the case of Mose Jackson v. State, 42 Okla. Cr. 86, 274 Pac. 696, this court reaffirmed the rule heretofore laid down, that evidence of other stolen property recently stolen and found in the possession of the defendant was competent as tending to establish a theft of other articles by the defendant at or about the plan or scheme to steal and rob. The evidence of the same time was properly admissible in this case.

The defendant next complains that the court erred in not suppressing the evidence obtained under the search warrant, alleging that the affidavit and warrant were insufficient to justify the search.

In the case of Reutlinger v. State, 43 Okla. Cr. 261, 277 Pac. 950, recently decided by this court, this court said:

"Where a motion is filed to suppress the evidence secured by the service of a search warrant, the burden rests on the defendant to establish the insufficiency of the affidavit and the illegality of the search and seizure. * * * The presumption of law is that the affidavit for the search warrant was sufficient and the search made under the warrant legal."

Under the facts as disclosed in the case at bar, the defendant made no sufficient showing to sustain his motion to suppress the evidence, and the motion was properly overruled.

Finally the defendant suggests that, if the cause is affirmed, the punishment of three years in the penitentiary as fixed by the court is excessive. The record in the case at bar and in the case against the defendant recently decided in this court discloses that the defendant was stealing from various people different kinds of property and carrying the property off into another county. The trial court heard the evidence, saw the defendant, heard his explanations, and understood the conditions surrounding this case better than this court could know them from the reading of the record. Under this record we cannot say that the judgment is harsh or unjust nor that the punishment is excessive.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.