W. R. PARAMORE v. STATE.

No. A-6989. Opinion Filed March 29, 1930.
Rehearing Denied April 19, 1930.
(286 Pac. 811.)

Womack, Brown & Cund, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error hereinafter called defendant, was convicted in the district court of Stephens county on a charge of receiving stolen property and his punishment fixed at imprisonment for six months in the state penitentiary at McAlester.

The defendant was accused of receiving ten joints of four-inch casing which had been stolen and was the property of the Magnolia Petroleum Company. The manager of this company testified that the ten joints in question had been taken out to the company's line near Duncan preparatory to placing them in the line then under construction and that on the 12th or 13th of May, these ten joints of pipe were missing and were found in the junk yard of the defendant. The evidence of the state shows that the pipe in question was the property of the Magnolia Petroleum Company and that said pipe had been stolen

and that the pipe taken from the defendant herein was such stolen pipe of said company. That the ten joints of pipe so stolen were new pipe and that the same was found in defendant's junk yard covered with other pipe. The evidence further discloses that when the defendant was questioned concerning this stolen pipe he denied having it. After the pipe was found in defendant's yard he claimed he thought they were asking him about two-inch pipe and then said that he had purchased the stolen pipe from one Clyde Smith and paid for the same with $20 in cash and gave a check for $20. The evidence of the state further showed that other stolen pipe had been found in defendant's possession at so near a date and under such circumstances as to indicate that the defendant was engaged in the business of receiving stolen property.

The defendant offered in evidence a check payable to Clyde Smith for the sum of $20 which defendant claimed he gave Smith in part payment for the pipe in question. The check was dated May 9th and paid on the same day, while the pipe in question was not stolen until May 12th or 13th. Defendant testified on cross-examination that Smith brought the pipe to his place about five o'clock in the afternoon and that the bank was closed; that he paid him $20 and gave him the check for $20 additional. Defendant further testified that Clyde Smith was a stranger to him; that he had a subpoena issued for Smith as a witness but the return of the sheriff was that he could not be found in Stephens county. The testimony of the witnesses for the state, together with the contradictory statements of the defendant made at or near the time of the discovery of the pipe in question, together with the other facts and circumstances in the case, shows that the defendant received the property in question with guilty knowledge that it had been stolen and was sufficient to justify the jury in returning a verdict of guilty.

The defendant next complains that the court erred in permitting the state to introduce evidence to show that other pipe than that in question, which had been stolen at a time near the commission of the offense charged in the case at bar, had been found in the possession of the defendant. This court has held that the possession of recently stolen property by the defendant, supported by other incriminating circumstances, is sufficient to warrant a judgment of conviction. McDaniel v. State, 35 Okla. Cr. 425, 250 Pac. 804.

This court has also held that evidence of other offenses is competent to prove the specific offense charged when it tends to establish a systematic scheme or plan, embracing the commission of two or more offenses so related to each other that proof of one tends to establish the other, or to connect the defendant with the commission of the offense charged. Jackson v. State, 42 Okla. Cr. 86, 274 Pac. 696; Oldham v. State, 42 Okla. Cr. 209, 275 Pac. 383.

The defendant next contends that the court erred in overruling the defendant's motion for new trial on the ground of the misconduct of the county attorney. The defendant complains first in his brief, of the opening argument of assistant county attorney, Sullivan. No objections were made to these remarks and no request made to the court to instruct the jury not to consider the same. Defendant's counsel in arguing the case went outside the record and the court admonished both counsel for defendant and the state to stay within the record in their argument. In the closing argument for the state the county attorney also became vitriolic and finally counsel for defendant objected to some remarks made and the county attorney was admonished by the court to confine his argument to the evidence before the jury. The objections of the defendant were sustained to the remarks made

which might have been construed to be improper. The county attorney then modified his remarks and the defendant again objected. The court overruled this objection but the defendant made no motion that they be excluded from consideration by the jury. In order to have alleged improper remarks reviewed by this court, where the same are not fundamentally erroneous, it is necessary for counsel not only to object to such remarks, but also to move that they be excluded from consideration by the jury. Carr et al. v. State, 43 Okla. Cr. 271, 277 Pac. 1038.

The arguments made by the state and by the defendant are not free from objection, but a careful examination of the record leads this court to believe that the rights of the defendant were not prejudiced by such argument.

The defendant next contends that the court erred in overruling his application for a continuance on account of the absence of a material witness, Clyde Smith. The subpoena was issued on the 1st day of October, 1927, and returned in due time by the sheriff, "not found." The case was called for trial on the 7th day of November, 1927. The defendants' application for a continuance was presented on the 7th day of November, 1927, which says that the witness has departed and his whereabouts is unknown to defendant but that he expects to have the evidence of the said Clyde Smith by the next term of court. The application shows on its face that the defendant had not used due diligence to procure the attendance of the witness and does not show any probability of being able to obtain the witness if a continuance were granted. The defendant must have known that the sheriff had made his return upon the subpoena showing the witness could not be found. The defendant had then twenty-four days in which to locate the witness and take additional steps to procure his attendance. The granting of a continuance is in the

discretion of the trial court and from this record it is apparent that the court did not abuse its discretion.

The defendant filed a second motion for new trial based on the ground of newly discovered evidence. There is nothing in the application to show that any effort had at any time been made by the defendant to secure the presence of the witness prior to or during the progress of the trial. The court did not err in overruling this second motion for new trial.

It appears from the record that the defendant had a fair and impartial trial, the evidence supports the verdict of the jury and there is nothing in the record requiring this court to reverse the case. For the reasons stated the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.