## FIE CROW v. STATE.

No. A-7578. Opinion Filed Sept. 13, 1930.
(291 Pac. 157.)

Womack, Brown & Cund, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The evidence of the state was that the officers had a search warrant, and, searching the premises of the defendant, found 31 gallons of whisky, a still set up and ready to run, 21 barrels of mash, and about 150 pounds of sugar; that the whisky was in 62 half-gallon jars, concealed in some grass about a quarter of a mile from the still; that a trail led from this still to the defendant's house; and that defendant admitted that the liquor and the still belonged to him. Testifying for himself, defendant said that what he said about the whisky and still being his was made in a joking vein on account of being afraid of the officers, who threatened him.

Defendant contends, first, that the evidence of the finding of the still was inadmissible, because it tended to show defendant guilty of another offense. This question is not an open one in this state. State v. Rule, 11 Okla. Cr. 237, 144 Pac. 807; Jackson v. State, 42 Okla. Cr. 26, 274 Pac. 696.

Defendant next contends that the verdict is the result of passion and prejudice, for the reason that the jury assessed the penalty at $500 and six months' imprisonment in the county jail. It is within the discretion of the jury to fix the punishment. When all of the facts and circumstances of the case at bar are considered, the jury was justified in the penalty fixed by them.

Defendant further complains of the instruction given by the court and of the insufficiency of the evidence to support the verdict. An examination of the record reveals that these contentions are without merit.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.