## VINCENT H. GOURLEY v. STATE.

No. A-7534.   Opinion Filed Oct. 25, 1930.
(292 Pac. 873.)

Monk & McSherry, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, Vincent H. Gourley, hereinafter referred to as defendant, was convicted in the district court of Pittsburg county of the crime of larceny of live stock, and his punishment fixed by the jury at five years in the state penitentiary.

The evidence on the part of the state was that on the night of May 22, 1928, C. E. Stromer, who lived near Kiowa, in Pittsburg county, and who operated a dairy, had a pale or medium red cow stolen from his cow lot. This cow was put in the lot on the evening of May 22d, and was missing from the lot at about 4 o'clock the morning of May 23d, when the daughters of Stromer went to milk the cows. An immediate search was made for the cow and tracks of an automobile found about 100 yards north of the cow lot, but the cow was never seen alive by Stromer after she was put in the lot on the evening of May 22d.

The evidence connecting the defendant with the larceny of this cow is largely circumstantial. It is that on the morning of May 23d the wife of this defendant, who was charged jointly with the defendant with the larceny of the cow, contracted with a butcher in Pittsburg to deliver a fresh butchered beef to him the next day; that this defendant was in possession of this stolen cow the next day after it was stolen; that at about 4 o'clock on the morning of May 24th, this defendant and his wife butchered an animal, delivered it to a butcher in Pittsburg,

and there sold it for 12½ cents per pound, which was less than the market price for that kind of beef at that time; that one of the horns of this animal was found on the defendant's premises; that this was a very peculiar horn—one that was easily identified—and which was positively identified by Stromer and his two daughters, who were constantly with the cows, as a horn off of the animal that was stolen from them on the night of May 22d; that this cow was heavy with calf at the time she was stolen.

A search of defendant's premises on May 25th disclosed the entrails of a butchered animal, but no unborn calf was among them. That on Sunday following the 22d, which was the 27th, the carcass of an unborn calf was found where it had been dragged after the animal had been butchered. The hide of this butchered animal was never found, although a diligent search was made for the same. The weight of the animal sold to the butcher by the defendant was about what the weight of the cow stolen from Stromer would have been when dressed. After defendant's arrest, there was found on his premises a number of other stolen articles which had been stolen from persons in the neighborhood of defendant during a period of several months previous to the offense charged in the case at bar.

The information given by the butcher to the son of Stromer and the investigation that followed led to the arrest of this defendant on Friday, May 25th. The defendant attempted to explain the failure to find the hide of the slaughtered animal by testifying that it was stolen from his car on the way from his home to the butcher shop on the morning of May 24th. The defendant further testified that he bought this animal, together with three others, from some person unknown, who, the defend-

ant claimed, was moving from some point in Latimer county to some point west of Chickasha, in this state, during the month of January, 1928; defendant never learned his name or where he was going, nor where or from whom he had bought these animals.

The defendant contends, first, that this evidence was insufficient to justify the jury in returning a verdict against him.

As is usual in larceny cases, the evidence is largely circumstantial and conflicting. This court has uniformly held that, where the conviction rests largely upon circumstantial evidence, and where circumstances are proven from which the reasonable and logical inference of guilt clearly arises, and which exclude any reasonable hypothesis except the guilt of the accused, although the evidence is conflicting, this court will not disturb the verdict for insufficiency of the evidence. Halbert v. State, 35 Okla. Cr. 329, 250 Pac. 436.

The facts and circumstances proven by the state in the case at bar point unerringly to the guilt of the defendant and are sufficient to support the verdict of the jury.

Defendant next contends that the trial court erred in permitting the state to show possession of other stolen property by the defendant contemporaneous with the possession of the animal alleged to have been stolen in this instance. Evidence of other offenses is competent to prove the specific offense charged when it tends to establish a systematic scheme or plan embracing the commission of two or more offenses so related to each other that proof of one tends to establish the other, or to connect the defendant with the commission of the offense charged. State v. Rule, 11 Okla. Cr. 237, 144 Pac. 807; Jackson v. State, 42 Okla. Cr. 86, 274 Pac. 696.

28

In Oldham v. State, 43 Okla. Cr. 314, 278 Pac. 663, this court said:

"The contemporaneous possession of recently stolen goods may be admitted in evidence for the purpose of throwing light upon the particular larceny for which the defendant was then upon trial. * * *

"In a prosecution for larceny, where the defendant's possession of property, charged to have been stolen, is attempted to be accounted for, it is competent to show the defendant's contemporaneous possession of other stolen property."

In the case at bar the defendant took the stand as a witness in his own behalf and attempted to explain his possession of the stolen property.

Under the authorities cited it was not error for the trial court to admit proof of the contemporaneous possession by the defendant of other stolen property.

The evidence being sufficient to support the verdict of the jury and the errors of law complained of being without substantial merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.