## I. L. BROWN et al. v. STATE.

No. A-7418. Opinion Filed Feb. 7, 1931.
Rehearing Denied Feb. 28, 1931.
(297 Pac. 303.)

Prentiss E. Rowe, for plaintiffs in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiffs in error, hereinafter called defendants, were convicted in the superior court of Pottawatomie county of the crime of burglary, and their punishment fixed by the jury at imprisonment in the state penitentiary for a period of two years for each of them.

The evidence of the state was that on October 13, 1928, the home of Julius Oneal, in Pottawatomie county, was broken into and several articles of personal property stolen therefrom; that on October 17th, the officers with a search warrant searched the premises of the defendants and found the shoes, tea cloths, egg pan, and four yards of new ducking cloth; that the home of the Oneals had been robbed on the 13th day of May, and that some of the articles stolen at that time were also found in the home of the defendants.

That a blue car was seen at the Oneal residence, and that a woman resembling the defendant was in the car; that the license number on the car was 658—384; that a man resembling the defendant was seen at the Oneal home at about the time of the burglary; that the defendants were the owners of a blue coupe and that tag No. 658384

had been issued by the state highway department to the defendant I. L. Brown; that at the time defendants' home was searched many articles were found which had been stolen from other homes in the same neighborhood.

Mrs. Brown testified in her defense that the articles had been purchased from a peddler. They also offered evidence tending to establish an alibi. Mr. Brown did not testify.

Defendants contend first that the trial court erred in forcing them to trial without having an opportunity to subpoena witnesses.

The information was filed in the district court on the 24th day of November, 1928, and the case set for trial on December 17th. On December 5th, on motion of the county attorney, the case was transferred to the superior court of Pottawatomie county and set for trial on the 13th day of December. On the 12th day of December the county attorney filed notice asking leave to indorse the names of additional witnesses on the information, which notice was duly served on the defendants and their counsel. On December 13th, leave was given the state to indorse the names of these witnesses on the information, and on the same day the cause came on regularly for trial, the state appearing by the county attorney and his assistant and the defendants appearing in person and by their attorneys, Prentiss E Rowe and D. C. Clements, and, both sides announcing ready for trial, a jury was duly called, impaneled, and sworn to try the cause.

In the case of State v. Frisbee, 8 Okla. Cr. 406, at page 420, 127 Pac. 1091, 1097, in the body of the opinion, this court said:

"When a defendant voluntarily announces ready for trial, this operates as a waiver of all preliminary steps

prescribed for preparation for trial." Ex parte Hudson, 3 Okla. Cr. 401, 106 Pac. 540, 107 Pac. 735; State v. Frisbee, 8 Okla. Cr. 406, 127 Pac. 1091.

The case had been pending in the district and superior courts for 19 days. Due notice had been served on the defendants of the time of the trial and of the intention of the state to ask to indorse additional names of witnesses on the information, and subpoenas had been duly and timely issued for defendant's witnesses.

This court has held that the requirement that the defendant be given 10 days is not an arbitrary one, and is within the discretion of the court, but that no defendant should be brought to trial, over his objections, within 10 days of the date of arraignment. Westbrook v. State, 14 Okla. Cr. 423, 172 Pac. 464; Jacobs v. State, 29 Okla. Cr. 140, 232 Pac. 861; Morris v. State, 48 Okla. Cr. 354, 292 Pac. 79.

There is nothing in the record to indicate that there is any merit in the contention of defendants, even if timely objection had been made.

Defendants next contend that the court erred in refusing to permit their counsel to make his opening statement to the jury immediately following the opening statement of the state.

Section 2687, C. O. S. 1921, provides as follows:

"First. If the indictment or information is for a felony, the clerk or county attorney must read it, and state the plea of the defendant to the jury. In other cases this formality may be dispensed with.

"Second. The county attorney, or other counsel for the state, must open the case and offer the evidence in support of the indictment or information.

"Third. The defendant or his counsel may then open his defense, and offer his evidence in support thereof."

It was within the power of the court to permit defendants' counsel to make the opening statement immediately following the opening statement of the state, but it was not reversible error for him to refuse to do so.

Defendants next contend that it was error for the court to permit the state to introduce proof of the finding of other stolen articles in the home of the defendants at the time defendants' premises were searched and the stolen property in the case at bar was found.

Where property recently stolen is found in the possession of defendants under circumstances like the case at bar, this evidence is admissible for the purpose of showing a plan or scheme to commit this character of crime. Jackson v. State, 42 Okla. Cr. 86, 274 Pac. 696; Zeligson v. State, 43 Okla. Cr. 24, 276 Pac. 791; Lordi v. State, 47 Okla. Cr. 102, 287 Pac. 1083, 1084; Paramore v. State, 47 Okla. Cr. 140, 286 Pac. 811.

The defendant Mrs. Brown took the witness stand and attempted to explain the possession of the stolen property by saying that she purchased it from a peddler.

In the case of Davis v. State, 7 Okla. Cr. 322, 123 Pac. 560, this court said:

"In a prosecution for larceny of certain cattle, where the evidence for the defense tended to explain the defendant's possession of the cattle by purchase from persons other than the owner, it is competent, in rebuttal, to show the defendant's contemporaneous possession of other stolen cattle."

The trial court did not err in admitting evidence of other stolen property found in the home of the defendants shortly after the property in the case at bar was stolen.

The defendants complain of other errors, but they are without substantial merit.

It appears from the record that the defendants had a fair trial, and that the evidence overwhelmingly establishes their guilt.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.