## ROSS MASON v. STATE.

No. A.-9087.   Feb. 12, 1937.
(65 Pac. [2d] 203.)

James H. Gernert and James J. Mathers, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Holly L. Anderson, Co. Atty., for the State.

BAREFOOT, J. The defendant was charged, by information in the district court of Tulsa county, with the crime of receiving stolen property. He was convicted and has appealed to this court. The first assignment of error is that the court erred in certain instructions given to the jury, being No. 5 and No. 7, which are as follows:

"No. 5. The defendant, for his defense to the charge contained in the information in this case says that he is not guilty; in other words, that he did not know the property to be stolen at the time he purchased it; and that the purchase of the property was not made in Tulsa County, Oklahoma, and therefore this court has no jurisdiction of the case.

"No. 7. You are further instructed that in a prosecution for receiving stolen property, it is not necessary that the defendant have actual knowledge that the property was stolen, but it is sufficient if the receiver at the time believed it to be stolen property; belief in such case being the equivalent of inferential knowledge."

We find no error in these instructions. Instruction No. 5 states the contention or defense which the defendant presented to the jury. There is nothing in it that could in any way prejudice the defendant. In instruction No. 7 the court informed the jury that if they found that the defendant, at the time he received the property, believed it to be stolen, this would be sufficient knowledge that it was stolen. This is in accordance with the holdings of this court. In the case of Lordi v. State, 47 Okla. Cr. 102, 287 Pac. 1083, the court says, in the first paragraph of the syllabus, as follows:

"In a prosecution for receiving stolen property, knowing the same to be stolen, it is not necessary that defendant have actual knowledge that the property was stolen, but it is sufficient, if the circumstances accompanying the transaction were such as to make him believe that it was stolen."

The defendant relies upon the case of Mullins v. State, 15 Okla. Cr. 347, 176 Pac. 765, 766. In that case the court says:

"Evidence of the unexplained possession of property recently stolen is not of itself sufficient to sustain a conviction. Defendant could not legally be convicted of receiving the boots knowing them to be stolen, unless he knew at the time he received them, or had reason to believe, that the boots were stolen. State v. Rountree, 80 S. C. 387, 61 S. E. 1072, 22 L. R. A. (N. S.) 833; 34 Cyc. 515, and authorities there cited."

It will be noted that the court says:

" * * * Or had reason to believe, that the boots were stolen." This is what the court told the jury in the above instruction.

The information in this case charged the defendant with receiving certain stolen property, to wit, one Cameo gold pin of the value of $75; one solid gold chain of the value of $45, which said property had been previously stolen from one H. A. Welch. This identical property, and other property stolen on the same night, and property stolen ten days subsequent to the date alleged in the information was found in the possession of defendant and a part of the property had been sold by his wife to two different pawnbrokers in the city of Tulsa.

The court permitted the different owners of the property to identify the same and testify as to it having been stolen from them. This is assigned as error by the defendant. The great weight of authority in this country is that where property is traced to the possession of the defendant and found intermingled with other goods, recently stolen, that it is admissible for the state to show the possession and the theft of these goods, especially is this admissible for the purpose of showing guilty knowledge and intent upon the part of the defendant. In this case the proof showed that part of the property stolen was taken from the same building as the property alleged in the information, and at the same time. The burglary and the loss of the property was discovered when both families returned to their homes. They lived just across the hall from each other. The other property identified was the same class of property and was lost in a burglary that occurred about ten days subsequent to the time alleged in the information. The defendant's wife sold all this property, except that which was found by a search of the home of defendant. She admitted in the presence of offi-

cers and the defendant that he brought the same home, asked her for a cloth to wrap the same and it was found by the officers in this condition. The defendant sat in an automobile at the curb while she sold it and he directed her where it could be sold and the money which she received from the sale of the property was given to defendant upon her return to the automobile. The reason for the admission of this evidence is well expressed in the case of Jeffries v. U. S., 7 Ind. T. 47, 103 S. W. 761, where the court says:

"We think this question too well settled to need anything more than the citation of authorities. Here goods which had been stolen the night before they were found, were traced to the possession of the defendant, and were found intermingled with the goods received from the same thief which had been stolen only 12 days before, and for the receiving of which the defendant was on trial. Surely the possession of these goods, so recently after they had been stolen, shed light, in fact a most brilliant lustre, upon the question of the defendant's knowledge, and was as clearly competent as the proof of the fact that goods stolen 12 days prior would have been had he been upon trial for receiving the goods stolen the night before they were found. When the object is to show system, subsequent as well as prior offenses, when tending to establish identity or intent, can be put in evidence. The question is one of induction, and the larger the number of consistent facts the more complete the induction is. The time of the collateral inculpatory facts is immaterial, provided they be close enough together to indicate that they are a part of a system. Whart. Cr. Ev. § 38. 'It is immaterial whether the other possessions occurred before or after the possession charged. It is the multiplication of instances that affects our belief, and not the time of their occurrence, provided the time is not so distant as to be accountable for on the theory of "chance acquisition." 3 Wigmore, Ev. § 325. 'It is next argued that the trial court erred in admitting evidence on the receipt by the defendant from the

witness White of other stolen horses subsequent to the time of the alleged receipt of the property described in the information for the receipt of which the defendants were on trial. * * * We can conceive of no logical reason for distinguishing these transactions subsequent to the main one from the one occurring before that time. They all bear the same relation to the principal transaction. If one offense has a logical connection with the principal one, for the purpose of establishing guilty knowledge of the offense charged in the information, then all others, have, whether occurring before or subsequent to that time.' Goldsberry v. State, 66 Neb. 312, 92 N. W. [906] 911. See, also, Underhill Cr. Ev. § 88; 3 Greenleaf, Ev. § 15; Wood v. U. S., 16 Pet. [342] 358, 10 L. Ed. 987; People v. Shulman, 80 N. Y. 373 note, and the elaborate footnote by Mr. Freeman, 'Subsequent Offenses as Evidencing Intent'; Sykes v. State, 112 Tenn. 572, 82 S. W. 185, 105 Am. St. Rep. 1001."

This court has often held that evidence of another offense is competent to prove the specific offense charged when it tends to establish a systematic scheme or plan embracing two or more offenses so related to each other that proof of one tends to establish the other, or to connect the defendant with the commission of the offense charged. See Paramore v. State, 47 Okla. Cr. 140, 286 Pac. 811; Oldham v. State, 42 Okla. Cr. 209, 275 Pac. 383; and, also, Mose Jackson v. State, 42 Okla. Cr. 86, 274 Pac. 696; State v. Rule, 11 Okla. Cr. 237, 144 Pac. 807. In the last case cited Judge Doyle, in an elaborate opinion, says:

"Evidence of other offenses similar to that charged is relevant and admissible, when it tends to prove some element of the one charged, as when it shows or tends to show guilty knowledge or intent in the commission of the offense charged."

In the trial of the case the court permitted certain testimony to be introduced which is as follows:

"By Mr. Gilmer: Q. And did you talk to him about state's exhibit number one and two? A. Yes. Q. And will you relate the conversation that you had with Louise Mason, in the presence of the defendant, Ross Mason, or rather with the woman who went by the name of Louise Mason in the presence of Ross Mason? Mr. Mathers: We object to that as incompetent, irrelevant and immaterial and not admissible. The Criminal Court of Appeals has passed on that. The Court: Overruled. Mr. Mathers: We accept. A. We asked this woman, claiming to be Louise Mason, where she got this stuff and she admitted having presented it to Chandler and this at Goldstein's— Q. She admitted this in the presence of this defendant? A. Yes, and he said he got the stuff and that there was no use connecting the woman in it. She said that she sold the stuff. That he would sit out in the car and she would come out and give the money to him. And that she did that in both of these cases. Mr. Gilmer: Take the witness."

The defendant assigns as error the permitting of this evidence to be introduced and contends that his wife, being an incompetent witness against him under the statute of this state, was by the above statement permitted to be used as a witness against him. The brief submitted by the state does not answer this proposition, but we have examined many cases and find that while the authorities are somewhat divided, the great weight of authority, and the ones based upon the better reason, support the proposition that this evidence is admissible. The statute of this state upon this proposition is as follows, section 3069, Okla. Stats. 1931:

"Except as otherwise provided in this and the following chapter, the rules of evidence in civil cases are applicable also in criminal cases: Provided, however, that neither husband nor wife shall in any case be a witness against the other except in a criminal prosecution for a crime committed one against the other, but they may in

all criminal cases be witnesses for each other, and shall be subject to cross-examination as other witnesses, and shall in no event on a criminal trial be permitted to disclose communications made by one to the other except on a trial of an offense committed by one against the other."

In the case of State of North Carolina v. Simon Portee, 200 N. C. 142, 156 S. E. 783, and also reported in 80 A. L. R. 1229, with annotation at page 1246, the rule is announced, which is followed in most of the states. The court, in the third syllabus, said:

"Proving that the wife of one accused of crime made statements in the presence of the husband and others naturally calling for some action or reply, and that he remained silent, does not contravene a statutory provision that a wife is not a competent witness against her husband in a trial of a criminal action."

The case of State v. Record, 151 N. C. 695, 65 S. E. 1010, 25 L. R. A. (N. S.) 561, 19 Ann. Cas. 527, is almost an identical case. The court, in the first syllabus, said:

"Upon trial of one for larceny, declarations of his wife, made in his presence, to the effect that stolen property found in the house belonged to him, are admissible against him."

See, also, Richards v. State, 82 Wis. 172, 51 N. W. 652; State v. Laudise, 86 N. J. Law, 230, 90 A. 1098; Joiner v. State, 119 Ga. 315, 46 S. E. 412; State v. Middleham, 62 Iowa, 150, 151, 17 N. W. 446; Commonwealth v. Funai, 146 Mass. 570, 16 N. E. 458; State v. Peters (Mo. Sup.) 242 S. W. 894.

It will be noted that the statement made by the officer was not only in the presence of the defendant, but that the defendant stated:

"* * * And he said he got the stuff and there was no use connecting the woman with it."

See Hildebrandt v. State, 22 Okla. Cr. 58, 209 Pac. 785. We have examined the case of Vaughan v. State, 7 Okla. Cr. 685, 127 Pac. 264, 42 L. R. A. (N. S.) 889, cited by defendant, and in our opinion the facts in that case are clearly distinguishable from the facts here.

It is next contended by the defendant that his demurrer to the evidence should have been sustained for the reason that it did not show that the property was received in Tulsa county, and was not sufficient in law to convict the defendant.

The evidence showed that the property was taken in a burglary on the night of the 31st day of July, 1935, from residences located in Tulsa county. That a part of the property was taken in burglaries committed about ten days thereafter. That defendant and his wife were residents of Tulsa county during all of that time. That his wife sold a part of the property to pawnbrokers in Tulsa county on the 1st day of August, 1935, and that the defendant was with her at the time the property was sold. That he sat in an automobile at the curb and after selling the property she delivered him the money which she had received therefor. That he directed her where to sell it. That the officers found the property in Tulsa county and a part of it in the home of the defendant soon after the property was stolen. The defendant stated to the officers that he had bought the property from some one but he could not give the name of the party from whom he claimed he bought it. That he was instructed by the officers that any statement be made could be used against him. When the case was tried, he did not see fit to take the witness stand and testify in his own behalf. He, of course, had

a right not to take the witness stand under the law, but we think the evidence shows from all circumstances that the crime was committed in Tulsa county and from what has been said clearly shows that the defendant received a fair and impartial trial and the evidence was sufficient to sustain the conviction and the judgment of the district court of Tulsa county should therefore be affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.