Thomas Henry PORTER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–499.

Court of Criminal Appeals of Oklahoma.

June 29, 1983.

As Corrected July 11, 1983.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Alan B. Foster, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

The appellant, Thomas Henry Porter, was convicted of Robbery with Firearms, After Former Conviction of a Felony, in Payne County District Court, Case No. CRF–80–75, was sentenced to fifteen (15) years' imprisonment, and he appeals.

■ He raises numerous assignments of error on appeal, only one of which is included in his motion for new trial; thus, the trial judge was not allowed an opportunity to cure those alleged errors which have not been properly preserved for review on appeal.[1] See, *McDuffie v. State,* 651 P.2d 1055 (Okl.Cr.1982); and cases cited therein. Accordingly, we will address only the appellant's allegation that the trial court committed reversible error by failing to suppress his in-court identification by Neal Kohnke as the person who robbed the Tiger Drug Store in Guthrie, at about 8:00 p.m. on February 18, 1980.

Appellant complains that Mr. Kohnke was shown a sketch of him on the night of the robbery, which Kohnke saw again in the District Attorney's office at a later date. Further, when the victim picked out the appellant's picture from an array of about twenty (20) photographs, some two weeks after the robbery,[2] the picture had "Wichita Police Department" on it, and Mr. Kohnke admittedly had information beforehand that police suspected the robber had some connection with the city of Wichita. Conceding that the photographic lineup viewed by Mr. Kohnke may have been suggestive, we must turn to the central question of whether, under the totality of the circumstances, the identification was reliable even though the confrontation procedure was suggestive. *Neal v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

■ In *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the United States Supreme Court set forth factors to be considered when determining whether an in-court identification was tainted by a pre-trial confrontation. These factors include: 1) the prior opportunity of the witness to observe the defendant during the alleged criminal act; 2) the degree of attention of the witness; 3) the accuracy of the witness' prior identification; 4) the witness' level of certainty; and, 5) the time between the crime and the confrontation. *Manson,* supra.

■ Applying the factors set forth above to the facts in the instant case, we find the following: 1) Mr. Kohnke viewed the robber for more than ten minutes in the light of a 100 watt lightbulb, at very close range; 2) the witness devoted a great deal of attention to the robber and was able to give a detailed description of him ("I said, 'I thought he was about six foot and weighed close to 200 pounds. He had kind of—not a beard—stubbly beard and a pock marked face and mustache that was maybe grown some two, three days, something like that, and his hair was bushed out, Afroed out' "); 3) the witness' description was accurate; 4) Kohnke immediately chose a photograph of the appellant when he was shown one, based on his observation of him at the pharmacy, and he had no doubt about his identification[3] and never waivered from it; and 5) he identified the portrait of Porter on the night of the robbery, picked him out of the photographic display two weeks later and positively identified him at the preliminary hearing and at trial some two years later.

1. We have reviewed the appellant's unpreserved assignments of error for fundamental error and find that no errors requiring reversal or modification exist. See Appendix.

2. Kohnke viewed a display of some 50 photographs about one week after the robbery; however, the record does not reveal whether or not a picture of Porter was included in it. Kohnke did not identify any of those pictures as being the robber.

3. The record reflects the following colloquy on redirect-examination:

Q. Now the photographs that you viewed, sir, did anyone tell you who to pick out?
A. No.

Q. And were you able to pick a photograph from the ones you saw?
A. Yes.
Q. How quickly did you pick one out when you saw the right one?
A. When they came to my house, I looked through the first couple of rows, and then that third row, or whatever row it was on, I just said, 'That's him.'
Q. Was there any doubt in your mind when you saw the picture?
A. No.
Q. Is there any doubt in your mind now, sir, any doubt in your mind at all that he is the right person?
A. No.

Under the totality of circumstances set forth above, and it appearing to this Court that the identification was based upon the witness' observation at the scene of the crime, we find that the court's admission of the in-court identification was proper. This assignment of error is therefore without merit.

Accordingly, the judgment and sentence is AFFIRMED.

CORNISH and BRETT, JJ., concur.

## APPENDIX

A) In his second assignment of error, the appellant contends that failure of the trial court to deliver, sua sponte, a cautionary instruction on eyewitness testimony constituted fundamental error; however, the conditions for giving such an instruction were not met in the instant case. See for instance, *Hall v. State,* 565 P.2d 57 (Okl.Cr.1977). Witness Kohnke had ample opportunity to observe the subject clearly, there was no doubt in his mind as to his identification, he never failed to identify Porter and remained positive of his identification throughout the trial.

B) In his third assignment of error, the appellant alleges that several errors occurred regarding the proof of his former felony convictions. First, he complains that the order binding him over for trial makes no mention of his prior convictions and that he has been unable to acquire a transcript of the preliminary hearing to determine if proof of the priors was offered at that time as required. A timely motion to quash the information was not filed, and the appellant has thus waived any error occurring at the preliminary examination. See, *Starr v. State,* 479 P.2d 628 (Okl.Cr.1971). Secondly, Porter's contention that none of his prior judgments and sentences were properly authenticated under 12 O.S.1981, § 902, and *Clonce v. State,* 588 P.2d 584 (Okl.Cr.1978), is without merit for the reasons stated in *Wade v. State,* 624 P.2d 86 (Okl.Cr.1981). Thirdly, the appellant argues that the introduction of his prior convictions was insufficient to sustain his enhanced punishment.

For the reasons stated in *Welliver v. State,* 620 P.2d 438 (Okl.Cr.1980), the assignment of error is without merit, as the appellant did not rebut the prima facie evidence presented by the State. Further, this Court's decision in *Lee v. State,* 576 P.2d 770 (Okl.Cr.1978), is dispositive of the appellant's assertion that his federal conviction for the offense of Interstate Transportation of a Stolen Vehicle is not an act similarly punishable in Oklahoma.

C) In his fourth assignment of error, the appellant alleges that the trial court erred by refusing to allow him to make an opening statement; however, no reversible error occurred. See, 22 O.S.1981, § 831(3), and *Brown v. State,* 50 Okl.Cr. 103, 297 P. 303 (1931). In addition, no accumulation of error exists in this case requiring modification or reversal.